IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER LEE SHADE,**

  **Petitioner,**

 v.            Civil action no. 3:04CV37
                Criminal action no. 3:02CR45
                (Judge Broadwater)

**UNITED STATES OF AMERICA,**

  **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 4, 2004, the *pro se* petitioner, an inmate at FCI-Loretto, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on June 30, 2004, the Court ordered the respondent to answer the motion. On August 5, 2004, the respondent filed Response of the United States to Defendant's Motion Made Pursuant to 28 USC 2255. On August 9, 2004, the petitioner filed a Motion for Leave to Amend Petitioner's Pending 2255 Motion for Post-Conviction Relief so that he could raise a Blakely claim. On August 17, 2004, the respondent filed Response of the United States to Defendant's Motion for Leave to Amend Pending Motion for Post Conviction Relief. On November 29, 2004, the petitioner filed a Memorandum Contra to Government's Response to Petitioner Defendant's Motion for Leave to Amend Pending Motion for Post-Conviction Relief. Also, on November 29, 2004, the petitioner filed Response of the Petitioner to the United States Response to Petitioner's Motion Made Pursuant to 28 U.S.C. §2255. On December 6, 2004, the petitioner filed Motion for Leave to Amend to

Petitioner Response to Government's Response to Petitioner's Pending 2255 Motion for Post Conviction Relief. On September 19, 2005, the petitioner filed Motion for Leave to Amend Petition's Pending §2255 Appeal for Post Conviction Relief in Civil Action No. 304cv37 Criminal Action No. 3:02cr45-4.

This matter, which is pending before me for initial review and report and recommendation pursuant to the May 6, 2004, Order of Referral issued by the Honorable W. Craig Broadwater, is ripe for review.

## II. **FACTS**

### A. **Conviction and Sentence**

On January 29, 2003, the petitioner signed a plea agreement in which he agreed to plead guilty to aiding and abetting in distribution of cocaine base, also known as crack, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) and 18 U.S.C. §2 (Count 15). The parties stipulated to relevant conduct of 34.57 grams of heroin and 70.402 grams of cocaine base with a marijuana equivalency of 1,442.61 kilograms. Additionally, the petitioner waived his right to appeal his sentence or collaterally attack his sentence. Specifically, the waiver provision provided as follows:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or the manner in which the sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence of the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 United States Code, Section 2255 (habeas corpus).

On that same day, the petitioner entered his plea in open court before the Honorable W. Craig Broadwater, United States District Judge. The Court found that there was a factual basis for

the plea, that the plea was freely and voluntarily given, and that the petitioner understood the consequences of entering the plea.

On May 8, 2003, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to 112 months incarceration. The petitioner did not appeal his conviction and sentence.

**B.　Federal Habeas Corpus**

　　**Petitioner's Contentions**

　　　　(1)　Ineffective assistance of counsel in relation to plea agreement.[1]

　　　　(2)　Ineffective assistance of counsel in relation to the imposed sentence.

　　　　(3)　Ineffective assistance of counsel in relation to appeal.

　　**Respondent's Contentions**

　　　　(1)　The petitioner's motion should be dismissed because he waived his right to file a §2255 motion.

　　　　(2)　The petitioner was not provided ineffective assistance of counsel.

**C.　Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be granted and that a new judgment and commitment order be issued to allow the petitioner to file an appeal.

### III.　ANALYSIS

---

[1] The petitioner was represented by Keith Wheaton, Esq.

A. **Waiver**

The respondent asserts that the petitioner's §2255 motion should be dismissed because the petitioner waived his right to collaterally attack his sentence.

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights. Specifically, the Fourth Circuit noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings." Id. at 220, n. 2. However, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack because Lemaster did not argue that his claims fell within one of these exceptions,² Nonetheless, the Fourth Circuit stated that it saw

---

²In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).
Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward

4

no reason to treat waivers of collateral attack rights different than waivers of direct appeal rights. Id.

In Lemaster, the Fourth Circuit found that the petitioner's claims regarding the involuntariness of his plea was contradicted by his statements made during the Rule 11 hearing. Thus, the Fourth Circuit found that the plea and waiver were knowing and voluntary and affirmed the district court's dismissal of Lemaster's §2255 motion based on his waiver of his rights to collaterally attack his sentence.

In the instant case, the petitioner asserts that his plea and the waiver of his right to appeal and collaterally attack his sentence were not knowing and voluntary because he received ineffective assistance of counsel during the plea process. Specifically, he asserts as follows:

> [C]ounsel coerced him into believing that he would not be held accountable for the total amount of drugs in the stipulation.[3] That counsel advised that the debriefing material submitted by the government during the plea negotiations was insufficient to establish the stipulation and that the defense would present evidence and an argument at sentencing to lower the offense relevant drug quantity conduct.

(Memorandum in Support of Relief Under 28 U.S.C. §2255 at 4).

The petitioner further asserts that the Government failed to disclose to his attorney the debriefing of Cristal Cain, and thus, his attorney could not adequately advise him regarding relevant conduct.

In determining whether a waiver is knowing and intelligent, the court must review "the

---

departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

[3] According to the petitioner, his counsel advised him that the evidence did not reveal that the petitioner had any involvement in drug distribution other than on three occasions when he was involved with the sale of .24 grams of crack, .12 grams of heroin and 6.57 grams of crack.

5

particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)).

During the plea hearing, the petitioner advised the Court that he had obtained his GED and attended college for a " little bit." He further stated that he had reviewed the plea agreement in detail with his lawyer, that he understood and agreed with the terms of the plea agreement, and he understood the consequences of entering a guilty plea. He also stated that he had not been forced to plead guilty and that he was in fact guilty of the offense alleged in Count 15 of the indictment. The petitioner also stated that counsel had adequately represented him. However, when the Court asked the petitioner whether the plea agreement represented the full and complete agreement between him and the Government, he stated that the only problem he had with the agreement was the amount of relevant conduct. The Court responded " I understand that, and I'll make some comments to the Probation Officer on that. But that is the stipulation at this time. Do you understand that?" The petitioner responded that he did. The Court then instructed the probation officer that "only if there was clear and convincing evidence of either substantially more or substantially less total relevant drug conduct, should you be required to go behind the stipulation and conduct an independent investigation." Later during the plea hearing, the Court explained the concept of relevant conduct to the petitioner, and he stated that he understood the concept of relevant conduct.

When the Court asked the petitioner whether he understood that the plea contained a waiver of his right to appeal and collaterally attack his sentence, the petitioner stated that it he did not. So, the Court advised him that "what that means is in essence you're giving up your right to appeal the

case." The petitioner did not ask any further questions regarding the waiver. Further, after questioning the petitioner regarding his understanding of the waiver, the petitioner's attorney advised the Court that he believed the petitioner understood the waiver of appellate rights and the petitioner did not object to his attorney's statement. The petitioner further stated later in the hearing that he understood that his appeal rights had been restricted by the terms of the plea agreement. However, while the Court addressed the waiver of appellate rights, no clarification was provided to the petitioner regarding his wavier of his right to collaterally attack his sentence. Thus, the record is not clear that the petitioner understood he was waiving his right to collaterally attack his sentence.

At the conclusion of the plea hearing, the petitioner did not object to the Court's determination that the plea was freely and voluntarily made, and that the petitioner had full knowledge and understanding of the consequences of the plea.

During sentencing, the petitioner again stated that he was not coerced to enter the plea. But, he also challenged the relevant conduct amount issue at sentencing. The petitioner testified that he thought his relevant conduct amount was 35-40 grams of crack instead of 70 grams. The Court warned the petitioner that he was close to breaching the plea agreement and that if a breach occurred, the Government could present evidence which could result in relevant conduct being even greater. Later, during the hearing, the petitioner decided to stand on the stipulation. According to the petitioner's §2255 motion, he decided to stand on the stipulation because his attorney advised him that by challenging the stipulation, he was risking having the plea agreement thrown out and facing trial on all counts. According to the petitioner, he did not know that challenging the stipulation at trial would result in a breach of the plea agreement.

7

A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

According to the petitioner, while he advised the Court during his plea hearing that he was pleased with his counsel, he did not know that his relevant conduct would not be challenged at sentencing. He further states that had he known that the drug amounts would not be challenged at sentencing, he would not have stipulated to the amount of relevant conduct, and he would not have waived his right to appeal.

While the petitioner stated on the record that he understood and agreed with the terms of the plea agreement, the fact remains that during both the plea hearing and the sentencing hearing, the petitioner asserted that he did not agree with the stipulated amount.[4] The petitioner's argument has not waivered and in fact, appears to the undersigned to be supported by the petitioner's attorney arguing at sentencing that he was not provided with the debriefing of Cristal Cain. In fact, the manner in which counsel raised his objection to the Cain debriefing caused the Court to inquire whether he was attempting attack the stipulation by a back door.[5]

Moreover, the petitioner's attorney states in his affidavit, which the Government submitted, that the petitioner refused the first plea offer and advised Mr. Wheaton "that he didn't sell anything" and to obtain the evidence which the Government had. Thereafter, the Government extended a second plea offer to which the petitioner agreed to accept. Mr. Wheaton's affidavit does not

---

[4]The petitioner states in his Memorandum in Support of Relief Under 28 U.S.C. §2255 that he is responsible for 6.81 grams of crack and .24 grams of heroin which is the equivalent of 137 kilograms of marijuana. He further asserts that based on an adjusted offense level of 21, a criminal history category III, his sentencing range under the guidelines would be 46-57 months.

[5]The petitioner's counsel stated that his objection went to the mitigating role of the petitioner.

address the petitioner's contentions regarding relevant conduct.

The record before the Court reveals to the undersigned that the petitioner does not contest the fact that he aided and abetted in the distribution of cocaine base. However, he disagrees with the amount of drugs for which he was held responsible. He asserts that had he known his attorney would not be permitted to challenge the relevant conduct amount at sentencing, he would not have stipulated to the amount of relevant conduct or waived his right to appeal.

It appears to the undersigned that an examination of the record as a whole reveals that neither the waiver nor the plea was knowing and voluntary. Consequently, the petitioner's waiver does not bar this §2255 motion.

However, the failure to challenge the voluntariness of a plea on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas,186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000)."The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id. at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied

by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

Th petitioner asserts that he advised his attorney to file an appeal, but he failed to do so. The Government asserts that the petitioner's claim that his attorney failed to file an appeal is barred by the waiver. However, the undersigned finds that the waiver is unknowing and involuntary and finds that if in fact, the petitioner requested that his attorney file an appeal, he has established cause for failing to raise the issue of an involuntary plea on appeal. Thus, the undersigned will review whether counsel's actions were ineffective.

## B. <u>Ineffective Assistance of Counsel</u>

Counsel's conduct is measured under the two part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the petitioner must show that her counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. <u>Fields v. Att'y Gen. of Maryland</u>, 956 F.2d 1290, 1297 (4th Cir.), <u>cert.</u>

denied, 506 U.S. 885 (1992).

The Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Peak was convicted on his plea of guilty to crack cocaine distribution. His plea agreement stated the 20 year statutory maximum sentence he would subject himself to under the plea. The pre-sentence investigation recommended Peak be sentenced as a career offender. The sentencing court adopted the recommendations in the pre-sentence report and sentenced Peak to 168 months, a sentence which exceeded Peak's expectations and appeared to surprise Peak's counsel. Peak claimed he told his attorney to appeal his sentence. No appeal was taken. Peak attempted to file a late appeal or appeal out of time which was rejected by the appellate court. On January 8, 1991, Peak filed his pro se §2255 motion asserting claims of ineffective assistance of counsel, improper resolution of his objections to the pre-sentence report; breach of the plea agreement and improper application of the career offender guidelines. Peak's counsel was no where to be found, thus, making it impossible for the Government to determine whether counsel could or would contradict Peak's assertion that he had asked his counsel to file an appeal. The Government virtually conceded the argument. However, the district court dismissed the §2255 motion.

Peak appealed to the Fourth Circuit Court of Appeals. The Fourth Circuit reversed the district court, and remanded the case with instructions to vacate Peak's judgment of conviction and enter a new judgment from which an appeal could be taken. In rendering this decision, Circuit Judge K.K. Hall, writing for the appellate court in Peak, opined:

> Persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct.917, 8 L.E.2d 21 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 917, 8 L.Ed.2d 811 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Id. at 41.

In analyzing the impact of the prejudice prong of Strickland in the situation where an attorney failed to file a requested appeal, Judge Hall followed the language of Rodriquez v. United States, 395 U.S. 327, 329-330 (1969):

> The [court of appeals] seems to require an applicant under 28 U.S.C. § 2255 to show more than a simple deprivation of this right [the right to appeal] before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the [court of appeals] would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach. . . . Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.

Id. at 41-42.

Judge Hall for the Court of Appeals explained the difference between deprivation of counsel as discussed in Strickland and Rodriquez stating: "Strickland is concerned with attorney performance in the course of representation. . . . not . . . to deprivations altogether, . . . However effective or ineffective Peak's counsel was before the judgment of conviction, his failure to file the requested appeal deprived Peak of the assistance of counsel on direct appeal altogether." Id.

Further, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

12

The petitioner has asserted that he requested that his attorney file an appeal. The Government provides no information whatsoever from the petitioner's attorney regarding the instructions, if any, he received regarding appeal. Instead, the Government asserts the claim is barred by the petitioner's waiver. However, as previously discussed, the undersigned finds that waiver to be involuntary. Because there is no question of fact regarding whether the petitioner requested his attorney file an appeal as the Government did not address that contention, the undersigned recommends that a new judgment and commitment order be entered so that he can appeal the voluntariness of his plea.

In light of this recommendation, the undersigned finds that it is unnecessary to address the petitioner's arguments that his attorney was ineffective for not having all the information used to determine relevant conduct and for failing to challenge relevant conduct.

### IV. <u>**MOTION FOR APPOINTMENT OF COUNSEL**</u>

On February 12, 2004, the petitioner moved for appointment of counsel. The authority for the Court to appoint counsel in a § 2255 action is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987).

A Court may appoint counsel to a financially eligible person if justice so requires in a §2255 action. <u>See</u> 28 U.S.C. §2255; 18 U.S.C. §3006A. Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006A, is only required in a §2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. <u>See</u> Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts. Upon review of the file, I have concluded that an evidentiary hearing is not necessary.

Accordingly, the petitioner's motion for appointment of counsel should be denied.

## V. **MOTIONS TO AMEND**

On August 9, 2004, the petitioner filed a motion to amend stating he wishes to file a claim pursuant to Blakely v. Washington, 530 U.S. 466 (2004).[6] The undersigned recommends that the motion to amend be denied as being futile because the claim is barred by the petitioner's waiver. United States v. Blick, 408 F. 3d 162 (4th Cir. 2005). Even, if the claim were not barred by the waiver, Booker does not apply retroactively to collateral review. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

On December 6, 2004, the petitioner filed a Motion for Leave to Amend to Petitioner Response to Government's Response to Petitioner's Pending 2255 Motion for Post Conviction Relief. in which he asserts that he wishes to add a news article to his response which shows that his counsel was ineffective because he was found to have violated 31 of the West Virginia Rules of Professional Conduct.

---

[6]Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
    The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's Blakely claim is now a Booker claim.

The article is from the Journal and states that in annulling Mr. Wheaton's law license, the Supreme Court found that among other things, Mr. Wheaton "exhibited a pattern of failing to communicate with his clients, making material misrepresentations to his clients and to the court and failing to diligently pursue cases on behalf of his clients." The petitioner's December 6, 2004, motion to amend should be granted.

On September 19, 2004, the petitioner filed another motion to amend in which he asserts that his attorney was ineffective for failing to file an appeal regarding his sentence being enhanced when no §851 information was filed. It is recommended that the motion be granted.

## VI. <u>RECOMMENDATION</u>

The undersigned recommends that the Court enter an Order **GRANTING** the petitioner's §2255 motion, **DENYING** the petitioner's August 9, 2004 Motion to Amend, **GRANTING** his December 6, 2004 Motion to Amend; **GRANTING** the September 19, 2004 motion to amend, and **DENYING** his request for appointment of counsel.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner

and the United States Attorney for the Northern District of West Virginia.

Dated: September 27, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE